# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>MAGGIE TOULOUSE OLIVER, in her official capacity as Secretary of State of New Mexico,<br><br>    *Defendant*. | Civil No. 25-cv-1193-LF-JFR<br><br>**[PROPOSED] ANSWER** |

### **[PROPOSED] ANSWER TO PLAINTIFF'S COMPLAINT**

The New Mexico Alliance for Retired Americans answers Plaintiff's Complaint (Dkt. No. 1), as follows:

The Complaint begins with one unnumbered paragraph to which no response is required. To the extent a response is required, the Alliance incorporates by reference the below paragraphs as its response, denies the allegations, and denies that Plaintiff is entitled to any relief.

### **INTRODUCTION**[1]

1. Paragraph 1 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited statute contains the quoted text and speaks for itself. The Alliance otherwise denies the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, or opinions

---

[1] These headings are included because they appear in the Plaintiff's complaint and are duplicated to aid and assist in ease of comparison between the Complaint and the Alliance's Answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this Answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Alliance.

to which no response is required. To the extent a response is required, the Alliance admits that the cited statute contains the quoted text and speaks for itself. The Alliance otherwise denies the allegations.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the cited case law contains the quoted text and speaks for itself. The Alliance otherwise denies the allegations.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited statutes and case law contain the quoted text and speak for themselves. The Alliance otherwise denies the allegations.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that Defendant is located in New Mexico.

## PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that Plaintiff here is the United States of America.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that Defendant Maggie Toulouse Oliver is the New Mexico Secretary of State, that she is sued in her official capacity, and that the State of New Mexico is subject to certain provisions of the NVRA

and the CRA, but otherwise deny that it has any obligations to produce all of the records at issue in this case.

## BACKGROUND

9. The Alliance lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies them.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that Defendant Toulouse Oliver is the Secretary of State of New Mexico, and the cited statute contains the quoted text. The statute otherwise speaks for itself.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited statute contains the quoted text. The cited statute otherwise speaks for itself.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited statute contains the quoted text. The cited statute otherwise speaks for itself.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited statute contains the quoted text. The cited statute otherwise speaks for itself.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance admits that the cited statute contains the quoted text. The cited statute otherwise speaks for itself.

**FACTUAL ALLEGATIONS**

16. The Alliance admits that the cited website contains the quoted text and that the United States Election Assistance Commission (EAC) conducts the biennial Election Administration and Voting Survey (EAVS). The cited website otherwise speaks for itself.

17. The Alliance admits that the cited report contains the quoted text. The cited report otherwise speaks for itself.

18. The Alliance admits that on September 8, 2025, the United States Department of Justice (DOJ) sent a letter seeking information from Secretary Toulouse Oliver. The contents of the letter otherwise speak for themselves.

19. The Alliance admits that on September 8, 2025, the DOJ sent a letter to Secretary Toulouse Oliver seeking New Mexico's voter registration list. The contents of the letter otherwise speak for themselves.

20. The Alliance admits that the September 8, 2025 letter contains the quoted text. The contents of the letter otherwise speak for themselves.

21. The Alliance admits that the September 8, 2025 letter contains the quoted text. The contents of the letter otherwise speak for themselves.

22. The Alliance admits that on September 8, 2025, the DOJ sent a letter to Secretary Toulouse Oliver. The contents of the letter otherwise speak for themselves.

23. The Alliance admits that the September 8, 2025 letter cites the listed statutes. The contents of the letter otherwise speak for themselves. To the extent a further reply is required, Proposed Intervenors deny the DOJ's compliance with federal privacy statutes.

24. The Alliance admits that the September 8, 2025 letter demanded New Mexico's voter registration list. The contents of the letter otherwise speak for themselves.

25. The Alliance admits that on September 23, 2025, Secretary Toulouse Oliver replied

to the DOJ's September 8, 2025 letter. The contents of the letter speak for themselves.

26. The Alliance admits that on September 23, 2025, Secretary Toulouse Oliver offered to provide a redacted version of the state voter registration list to the DOJ. The contents of the letter otherwise speak for themselves. To the extent that a further reply is required, the Alliance denies that Secretary Toulouse Oliver violated any federal statute or law.

## COUNT ONE
## VIOLATION OF CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

27. The Alliance admits that the DOJ's September 8, 2025 letter demanded production of certain election records. The Alliance denies that the DOJ's request was authorized by the CRA.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the Alliance denies the allegations in Paragraph 28.

29. The Alliance admits that Secretary Toulouse Oliver has not produced the state's voter registration list in the manner requested by the DOJ, including all of the sensitive, private voter information demanded, but the Alliance denies that such refusal violates any federal or state law.

Immediately following Paragraph 29, the Complaint contains a request for relief, including sub-paragraphs (A)–(C), demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

The Alliance denies every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

6. New Mexico law, *see* N.M. Stat. § 1-4-5.5(B), grants the Alliance the right to keep the highly sensitive personal information of their constituents confidential, and preservation of those state rights does not conflict with or otherwise violate federal law.

## PROPOSED INTERVENOR'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, The Alliance prays for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of the Alliance and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That the Alliance be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Respectfully submitted,<br>*/s/ Justin R. Kaufman* | Dated: December 12, 2025 |
| Justin R. Kaufman<br>**DURHAM, PITTARD & SPALDING, LLP**<br>125 Lincoln Avenue, Suite 402<br>Santa Fe, NM 87501<br>Telephone: (214) 807-1799<br>jkaufman@dpslawgroup.com | Uzoma N. Nkwonta*<br>Joshua Abbuhl*<br>Omeed Alerasool*<br>**ELIAS LAW GROUP LLP**<br>250 Massachusetts Ave NW, Suite 400<br>Washington, DC 20001<br>Telephone: (202) 968-4490<br>unkwonta@elias.law<br>jabbuhl@elias.law<br>oalerasool@elias.law<br><br>Walker McKusick*<br>**ELIAS LAW GROUP LLP**<br>1700 Seventh Avenue, Suite 2100<br>Seattle, WA 98101<br>Telephone: (206) 656-0177<br>wmckusick@elias.law<br><br>*\* Pro Hac Vice Applications Forthcoming*<br><br>*Counsel for Proposed Intervenor* |