# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     *Plaintiff*,

v.

MAGGIE TOULOUSE OLIVER, in her official capacity as Secretary of State of New Mexico,

     *Defendant*,

NEW MEXICO ALLIANCE FOR RETIRED AMERICANS,

     *Intervenor-Defendant*,

and,

COMMON CAUSE, CLAUDIA MEDINA, and JUSTIN ALLEN,

     *Intervenor-Defendants*.

Civil No. 25-cv-1193-JCH-JFR

**NOTICE OF SUPPLEMENTAL AUTHORITY OF INTERVENOR-DEFENDANT NEW MEXICO ALLIANCE FOR RETIRED AMERICANS**

Pursuant to D.N.M.LR-CIV 7.8(b), Intervenor-Defendant New Mexico Alliance for Retired Americans hereby provides the Court notice of supplemental authority supporting its Motion to Dismiss and Response in Opposition to Plaintiff's Motion to Compel Production. *See generally* Dkt. Nos. 32, 33. Yesterday, a federal district court in Arizona dismissed DOJ's parallel suit seeking Arizona's unredacted statewide voter registration list. *See generally* Am. Order, *United States v. Fontes*, No. 2:26-cv-00066-SMB (D. Ariz. Apr. 28, 2026), Dkt. No. 50 (attached hereto as Exhibit A). The court first determined, like every other to recently reach the issue, that DOJ's suits are governed by the Federal Rules of Civil Procedure, and thus are subject to Rule

12(b)(6) motions. *See id.* at 2; *see also* Alliance Opp. to Mot. to Compel, Dkt. No. 33 at 4–9 (Alliance Intervenors advancing this argument). Next, the Arizona district court dismissed DOJ's single-count complaint under the Civil Rights Act of 1960 (CRA) on the basis that the State's voter registration list is not a record or paper subject to Title III of the CRA, a conclusion reinforced by the court's analysis of the NVRA and HAVA. *See* Ex. A at 7–8 (explaining that the CRA prohibits election officials from altering election records, while the NVRA and HAVA require continuous voter list maintenance); *see also* 52 U.S.C. § 21083(a)(2)(B) (requiring States to perform list maintenance "on a regular basis").

Six courts have now dismissed DOJ's complaints in these matters, whereas not one has found it to have stated a valid claim. The Arizona decision provides additional authority to dismiss DOJ's complaint here as a matter of law.

Dated: April 29, 2026

Respectfully submitted,

*/s/ Uzoma N. Nkwonta*

Justin R. Kaufman
Caren I. Friedman
Molly H. Samsell
**DURHAM, PITTARD & SPALDING, LLP**
125 Lincoln Avenue, Suite 402
Santa Fe, NM 87501
Telephone: (888) 998-6688
jkaufman@dpslawgroup.com
cfriedman@dpslawgroup.com
msamsell@dpslawgroup.com

Uzoma N. Nkwonta*
Joshua C. Abbuhl*
Omeed Alerasool*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4490
unkwonta@elias.law
jabbuhl@elias.law
oalerasool@elias.law

Walker McKusick*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
wmckusick@elias.law

* Appearance by association pursuant to
D.N.M.LR-Civ. 83.3(a).

*Counsel for Intervenor-Defendant New Mexico Alliance for Retired Americans*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to D.N.M.LR-CIV 7.1(b), that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta

4