UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>*v.*<br><br>MAGGIE TOULOUSE OLIVER, in her official capacity as Secretary of State of the State of New Mexico,<br><br>*Defendant.* | CASE NO: 1:25-cv-01193-JCH-JFR |

**UNITED STATES' RESPONSE TO INTERVERNOR DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States respectfully submits this response to the Notice of Supplemental Authority filed by Intervenor-Defendants. (Dkt. 104.)

In *United States v. Fontes*, Case No. 2:26-cv-00066 (D. Ariz. Apr. 28, 2026), the district court repeated the errors made in *United States v. Benson*, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026), *appeal pending*, No. 26-1225 (6th Cir.), ruling that voter registration lists (VRLs) do not "come into … possession" of an election officer.  The court compounded that error by reasoning that a "record" covered by 52 U.S.C. 20701 does not include a VRL because the NVRA and HAVA require VRLs to be constantly "altered," in supposed violation of 52 U.S.C. 20702.  *Fontes* is wrong on both points, which have been briefed in pending appeals before the Sixth Circuit, *see Benson*, No. 26-1225, and the Ninth Circuit, *see United States v. Oregon*, No. 26-1231, and *United States v. Weber*, No. 26-1232.

First, when a word is undefined in a statute, courts "give the term its ordinary meaning." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 566 (2012).  Secretaries of State "come[] into possession" of VRLs when they acquire them in the conduct of their official responsibilities,

1

regardless of the information's source.  *See Webster's New World Dictionary of the American Language*, 291, 1140 (8th coll. ed. 1960); Brief for the United States, *United States v. Benson*, No. 26-1225 (6th Cir.), Dkt. 25, 15-22.

Second, *Fontes's* distorted construction of § 20702 does not justify its misapplication of § 20701.  Title III's prohibition on the willful alteration of records cannot apply to VRL maintenance.  The surrounding verbs elucidate the meaning of "alter" in this provision.  *Fischer v. United States*, 603 U.S. 480, 487 (2024).  Those verbs all describe actions typically taken to make a document unavailable, inaccessible, or inaccurate for evidentiary purposes.  *Id.* at 489-90 (analyzing similar list of verbs).  And the use of "willfully" in criminal statutes generally requires the defendant to act "with knowledge that his conduct was unlawful."  *Bryan v. United States*, 524 U.S. 184, 192 (1998).  List maintenance is a statutory duty, not unlawful conduct.

Dated: May 1, 2026

TODD BLANCHE
Acting Attorney General

RYAN ELLISON
First Assistant United States
Attorney

EMIL J. KIEHNE
Assistant United States Attorney
District of New Mexico
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
Tel. (505) 346-6855
emil.kiehne@usdoj.gov

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section

*/s/ John R. Casali*
JOHN R. CASALI
JAMES T. TUCKER
Trial Attorneys, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street, Room 8.135
Washington, D.C. 20002
John.Casali@usdoj.gov
Tel. (202) 316-8087
*Attorneys for the United States*