# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     *Plaintiff*,

v.

MAGGIE TOULOUSE OLIVER, in her official capacity as Secretary of State of New Mexico,

     *Defendant*,

NEW MEXICO ALLIANCE FOR RETIRED AMERICANS,

     *Intervenor-Defendant*,

and,

COMMON CAUSE, CLAUDIA MEDINA, and JUSTIN ALLEN,

     *Intervenor-Defendants*.

Civil No. 25-cv-1193-JCH-JFR

**NOTICE OF SUPPLEMENTAL AUTHORITY OF INTERVENOR-DEFENDANT NEW MEXICO ALLIANCE FOR RETIRED AMERICANS**

Pursuant to D.N.M.LR-CIV 7.8(b), Intervenor-Defendant New Mexico Alliance for Retired Americans provides supplemental authority supporting its Motion to Dismiss. *See* Dkt. Nos. 32-33.

Two days ago, in DOJ's parallel suit seeking Michigan's unredacted voter list, the Sixth Circuit affirmed dismissal of DOJ's complaint. In doing so, the Sixth Circuit held that DOJ failed to comply with the procedural requirements of the Civil Rights Act of 1960 ("CRA"), which requires DOJ to submit a statement of both the basis *and* the purpose for its demand in a single letter. *United States v. Benson*, No. 26-1225, 2026 WL 1815425, at *8 (6th Cir. June 24, 2026);

*see* Dkt. No. 32 at 8-14. The court emphasized that because the CRA requires that a demand "shall" contain a statement of both the basis "and" the purpose, the statute "creates an obligation" to include both components that is "impervious to judicial discretion." *Benson*, 2026 WL 1815425, at *8 (quoting *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024)). Thus, because "the government [could not] pinpoint a Title III demand with a statement of the basis *and* purpose," dismissal was required. *Id*. The same is true here. *See, e.g.*, Dkt. No. 78 at 4-7.

The Sixth Circuit also held that a statewide voter list does not "come into" the possession of election officials, taking it out of the scope of the CRA. *Benson*, 2026 WL 1815425, at *5; *see* Apr. 21, 2026 Tr. at 75; *see also id.* at 30 ("[A]gencies . . . don't have powers to request documents of anyone unless they're authorized to do so by statute."). The court explained that reading the CRA to extend to all records *in* the possession of election officials would render the phrase "come into" superfluous. *Benson*, 2026 WL 1815425, at *6.

DOJ's position has now been rejected by ten federal courts, including one court of appeals. Not a single court has concluded that DOJ stated a viable claim. Faced with this unanimous and growing body of authority, this Court should likewise dismiss DOJ's complaint as a matter of law.

Dated: June 26, 2026

Justin R. Kaufman
Caren I. Friedman
Molly H. Samsell
**DURHAM, PITTARD & SPALDING, LLP**
125 Lincoln Avenue, Suite 402
Santa Fe, NM 87501
Telephone: (888) 998-6688
jkaufman@dpslawgroup.com
cfriedman@dpslawgroup.com
msamsell@dpslawgroup.com

Respectfully submitted,

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Joshua C. Abbuhl*
Omeed Alerasool*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4490
unkwonta@elias.law
jabbuhl@elias.law
oalerasool@elias.law

Walker McKusick*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
wmckusick@elias.law

* Appearance by association pursuant to
D.N.M.LR-Civ. 83.3(a).

*Counsel for Intervenor-Defendant New Mexico Alliance for Retired Americans*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to D.N.M.LR-CIV 7.1(b), that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta

3