# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

MAGGIE TOULOUSE OLIVER, in her
Official capacity as Secretary of State of New
Mexico,

              Defendant.

Case No. 1:25-cv-01193-JCH-JFR

## UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY
### (Dkt. 110)

The State Voter Registration List (SVRL) is not just any "record[] . . . requisite to voting," 52 U.S.C. § 20701, it is a federally mandated record that "serve[s] as the official voter registration list for the conduct of all elections for Federal office in the State." 52 U.S.C. § 21083(a)(1)(A)(viii). Federal elections cannot occur without the SVRL. Despite the SVRL's paramount necessity in voting, in *United States v. DeMarinis*, No. 1:25-cv-03934, 2026 WL 1780586 at *4 (D. Md. June 18, 2026), the court ruled that an SVRL is not a voting "record" for purposes of Title III of the Civil Rights Act of 1960 (CRA) because it is created by election officials and therefore does not "come into [their] possession," 52 U.S.C. § 20701.[1] The court relied on flawed reasoning, interpreting the phrase "come into . . . possession" in a way that would have excluded the voter-registration lists of the 1960s—which, like SVRLs, were created by election officials—and thus would have avoided accountability for not registering black citizens, a result

---

[1] *See also United States v. Benson*, No. 26-1225, 2026 WL 1815425 (6th Cir. June 24, 2026).

Congress could not have intended. The phrase "come into . . . possession" should be given a natural interpretation, encompassing not just records in an election official's current possession but also records that might, in the future, come into the official's possession, whether by creating or receiving them. *See, e.g.,* 8 U.S.C. § 1454 (using "come into possession" to express a continuing obligation).

The district court also wrongly reasoned that if an SVRL were a CRA "record," then updating the SVRL would be "alter[ing]" a record in violation of Title III's criminal provision. *See DeMarinis*, 2026 WL 1780586 at *5. This cramped reasoning ignores that Title III's criminal provision uses the word "willfully" followed by a series of verbs that clearly limit the provision to the willful spoliation of records, something that has nothing to do with updating an SVRL in accordance with the law. *See Bryan v. United States*, 524 U.S. 184, 191 (1998) ("As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.'").

Dated: June 30, 2026

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

/s/ John R. Casali
John R. Casali
James T. Tucker
Civil Rights Division
150 M Street, 8th Floor
Washington, D.C. 20002
(202) 316-8087
John.casali@usdoj.gov